UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PAUL CLODFELTER, on behalf of himself )
and all others similarly situated, )
)
        Plaintiff, )
)
             v. )   CASE NO.
) 1:07-cv-0286-RLY-TAB
DEVRY UNIVERSITY, INC., )   CLASS ACTION
)
        Defendant. )

**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
**(JURY TRIAL DEMANDED)**

Plaintiff, Paul Clodfelter ("Clodfelter"), on behalf of himself and all other similarly-situated individuals, by counsel, for his cause of action against Defendant, DeVry University, Inc. ("DeVry"), states as follows:

**PRELIMINARY STATEMENT**

1. Clodfelter brings this action against DeVry for violations of Indiana's Deceptive Commercial Electronic Mail statutes, Indiana Code § 24-5-22-1 *et. seq.* (the "Deceptive E-mail Statutes").

2. DeVry's practices are in violation of the Deceptive E-mail Statutes. Pursuant to the Deceptive E-mail Statutes, Clodfelter and the putative plaintiffs seek declaratory and injunctive relief, presumptive damages, attorneys' fees and the costs and expenses of this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00.

4.      The Southern District of Indiana has personal jurisdiction because DeVry is doing business in Indiana, and in this district.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

## THE PARTIES

6.      Clodfelter is a citizen of the State of Indiana, and resides in Greenwood, Indiana.

7.      DeVry is an Illinois corporation with a principal business address in Oakbrook Terrace, Illinois.  DeVry operates accredited educational facilities in Indiana and throughout the United States, offering associate, bachelor's and master's degrees in various programs.

## LEGAL BACKGROUND AS TO INDIANA LAW

8.      In 2003, the State of Indiana enacted a series of statutes designed to curb the transmission of deceptive commercial electronic mail.  A true and correct copy of the Deceptive E-mail Statutes, codified as Indiana Code § 24-5-22-1 *et. seq.*, is attached hereto and incorporated by reference herein as Exhibit A.

9.      Indiana Code § 24-5-22-8 provides in part:

> **Commercial electronic mail; prohibited practices**
> Sec. 8. A person may not do any of the following:
>    (1) Send unsolicited commercial electronic mail and fail to use "ADV:" as the initial four (4) characters in the subject line of the electronic mail.

10. Indiana Code § 24-5-22-10 creates a cause of action against any person who initiates or assists the transmission of a commercial electronic mail message in violation of the Deceptive E-mail Statutes.

11. Indiana Code § 24-5-22-10 further provides that a prevailing plaintiff in an action brought pursuant to the Deceptive E-mail Statutes is entitled to injunctive relief, presumptive damages of five hundred dollars ($500) for each e-mail message sent to the plaintiff by the defendant in violation of the Deceptive E-mail Statutes, and reasonable attorneys' fees and costs incurred in connection with the action.

#### FACTUAL ALLEGATIONS

12. Clodfelter is a resident of the State of Indiana.

13. Clodfelter maintains an e-mail account hosted by Yahoo.com.

14. Clodfelter's e-mail address for that account is "clod_12@yahoo.com."

15. On February 22, 2007, Clodfelter received an unsolicited commercial e-mail message (the "Clodfelter E-mail"). A true and correct copy of the Clodfelter E-mail is attached hereto and incorporated by reference herein as Exhibit B.

16. The sender of the Clodfelter E-mail is listed as "DeVry University" and the subject line of the Clodfelter E-mail reads "Earn a degree on your timetable[.]" The body of the Clodfelter E-mail consists of an advertisement for DeVry's various educational programs.

17. The Clodfelter E-mail's subject line did not contain "ADV:" as the first four (4) characters as required by the Deceptive E-mail Statutes.

18.     DeVry's transmission of unsolicited commercial electronic mail messages whose subject lines do not begin with "ADV:" to Indiana residents is a *per se* violation of the State of Indiana's Deceptive E-mail Statutes.

19.     Accordingly, pursuant to the Deceptive E-mail Statutes, Clodfelter (and the putative class) is entitled to injunctive relief, damages of, at a minimum, the presumptive amount of five hundred dollars ($500) per electronic mail message transmitted by DeVry in violation of the statutes, and reasonable costs and attorneys' fees incurred in connection with this action.

20.     DeVry's practices are designed and calculated to frustrate the functionality of the recipients' electronic mail filters (SPAM-blockers) by circumventing the Deceptive E-Mail Statutes' subject line requirements.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf himself and on behalf of a class of those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

22.     The putative class is defined as:

> All persons residing in the State of Indiana who received commercial electronic mail messages from "DeVry University" which did not contain "ADV:" as the first four (4) characters of the e-mails' subject lines.

23.     The Requirements of Rule 23(a) are met with respect to this class. Specifically:

   a.   The class is so numerous that joinder of all members is impracticable. Although the exact number of class members is not yet known, it is believed to include several thousand persons.

   b.   There are questions of law or fact common to the class.

   c.   The claims of the representative plaintiff are typical of those of the class.

   d.   The representative plaintiff will fairly and adequately represent the interests of the class.

4

24.     The further requirements of Rule 23(b)(2) are met in this case in that at all times DeVry has acted and has refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

25.     Counsel for the putative plaintiffs are appropriate and adequate attorneys to represent the class, are experienced in class litigation, and should be so appointed pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Paul Clodfelter, on behalf of himself and all similarly situated individuals, respectfully requests that this Court:

a.  Certify this case as a class action with the class as defined above;

b.  Designate Plaintiff Paul Clodfelter as Representative of the Class;

c.  Declare that Defendant's actions violate Indiana Code § 24-5-22-1 *et seq.*;

d.  Enter a permanent injunction, enjoining Defendant from future violations of Indiana Code § 24-5-22-1 *et seq.*;

e.  Award the class presumptive damages, reasonable attorneys' fees and costs pursuant to Indiana Code § 24-5-22-10; and

f.  Award the class all other relief just and appropriate in the premises.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which the putative class has a right to jury trial.

Respectfully submitted,

_____
Nathan D. Foushee
foushee@mflawpc.com

_____
John J. Morse
morse@mflawpc.com

Attorneys for Plaintiff and the putative class

MORSE FOUSHEE, P.C.
320 North Meridian Street
Suite 506
Indianapolis, IN  46204
Telephone:  317-686-1540
Facsimile:   317-686-1541